UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>D-1 BIJAN WOODLEY,<br>D-2 KANEE GOODE,<br>D-3 JATEESHA TAYLOR,<br><br>    Defendants. | Case No. 15-cr-20007<br>Honorable Laurie J. Michelson<br>Magistrate Judge David R. Grand |

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT FIVE OF THE SUPERSEDING INDICTMENT [75]**

Defendant Kanee Goode has been indicted for aiding and abetting co-defendant Bijan Woodley in a carjacking in violation of 18 U.S.C. § 2119. She has also been indicted for aiding and abetting Woodley in the use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Goode has filed a pretrial motion to dismiss the § 924(c) charge. She contends that the definition of a "crime of violence" in § 924(c) does not capture carjacking as defined by § 2119. The Government disagrees. Having carefully studied the issue and weighed the competing arguments, the Court concludes that the carjacking offense at issue is a crime of violence. So the § 924(c) charge will not be dismissed.

Case 2:15-cr-20007-LJM-DRG   ECF No. 101, PageID.738   Filed 12/03/15   Page 2 of 11


## I.

### A.

The following are the facts as the Government alleges them to be. (*See* Dkt. 90, Gov.'s Resp. to Goode's Mot at 4.)

On December 30, 2014, a customer left Lou's Coney Island in Detroit, Michigan and got into his Chrysler 300. Goode pulled next to the Chrysler in a Dodge Durango and let out two armed assailants, including Woodley, who surrounded the Chrysler. Goode then pulled her vehicle directly behind the Chrysler, blocking its escape. One of the two assailants knocked on the driver's side window with his gun while the other pointed his gun at the victim from the passenger side. They ordered the victim to put his valuables on the passenger seat, exit his car, and lie down on the ground. Once the victim complied, the assailants took his glasses, watch, cellular phone, and money. Goode then moved her SUV to allow the assailants to escape in the Chrysler 300. Goode sped away alongside the carjacked vehicle.

### B.

Goode was indicted for aiding and abetting Woodley in a carjacking as defined by 18 U.S.C. § 2119. (Dkt. 23, Superseding Indictment at 3.) That statute defines carjacking as follows:

> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle . . . from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall [be subject to punishments depending on whether serious bodily injury, death, or neither results].

18 U.S.C. § 2119.

Goode has also been indicted for aiding and abetting Woodley in the use of a firearm during and in relation to a "crime of violence." (*See* Superseding Indictment at 3–4.) Section 924(c)(3) defines "crime of violence" as follows:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Goode says that carjacking as defined in § 2119 does not fit within § 924(c)(3)'s definition of "crime of violence." (*See generally* Dkt. 75, Goode's Mot. to Dismiss.)

## II.

### A.

Goode's argument for dismissing Count Five requires a few steps to reach its conclusion.

It starts with the claim that the "categorical approach" should be used to determine whether carjacking is a crime of violence. (*See* Goode's Mot. to Dismiss ¶ 2.) Under this method of analysis, the Court must examine only how Congress defined carjacking in § 2119—not the defendant's particular conduct—and ask whether the statutory definition falls within § 924(c)(3)'s definition of a crime of violence. *See Descamps v. United States*, — U.S. —, 133 S. Ct. 2276, 2283, 186 L. Ed. 2d 438 (2013). Moreover, under the categorical approach, if *any* conduct criminalized by § 2119 is not encompassed by § 924(c)(3)'s crime-of-violence definition, carjacking, as a category of unlawful conduct, is not a crime of violence. *See Descamps*, 133 S. Ct. at 2283; *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012).

Goode's argument then proceeds by comparing the mildest or most innocent form of carjacking to the crime-of-violence definition. Goode asserts that the most innocent conduct

3

criminalized by § 2119 is taking a vehicle with the intent to cause serious bodily harm "by intimidation." (Goode's Mot. at 5–6.) The first half of the crime-of-violence definition, the "force clause," says a crime of violence is a felony that "has as an element the use, attempted use, or threatened use of *physical force* against the person or property of another." 18 U.S.C. § 924(c)(3)(A) (emphasis added). Goode argues that, because someone can take a car "by intimidation" without using or even threatening physical force, carjacking is not completely captured by the first half of the crime-of-violence definition. (Goode's Mot. at 9–10.) As for the other half of the crime-of-violence definition, the "residual clause," Goode claims that it is void under the Supreme Court's decision in *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) (which struck down the residual clause of the Armed Career Criminal Act as unconstitutionally vague). (Goode's Mot. at 10–16.)

In sum, Goode argues (1) that all of the conduct that § 2119 criminalizes must be considered in determining whether carjacking is a crime of violence, (2) that conduct includes taking a vehicle by mere intimidation (with the intent to cause serious bodily harm), (3) taking a vehicle by intimidation does not require the actual or threatened use of physical force thus rendering the first half of § 924(c)(3)'s crime-of-violence definition inapplicable, and (4) the second part of the crime-of-violence definition is unconstitutional under *Johnson*. Thus, says Goode, carjacking is not a crime of violence.

**B.**

While the Court agrees that some type of categorical approach governs determining whether carjacking is a crime of violence under § 924(c)(3), *see United States v. McGuire*, 706 F.3d 1333, 1336–37 (11th Cir. 2013); *United States v. Amparo*, 68 F.3d 1222, 1225 (9th Cir. 1995), Goode fails to address whether the carjacking statute is "divisible" such that a modified

4

(as opposed to the formal) categorical approach governs. *Cf. United States v. Covington*, 738 F.3d 759, 763 (6th Cir. 2014) ("[T]here are two steps in applying the categorical approach to determine whether a prior conviction constitutes a crime of violence under the Guidelines . . . . First, a court must ask whether the statute at issue is divisible by determining if the statute lists 'alternative elements.'").

Much turns on whether the carjacking statute is divisible, i.e., whether the statute, by using alternative language, effectively creates two crimes. *See Descamps*, 133 S. Ct. at 2284 (referring to a divisible statute as one "compris[ing] multiple, alternative versions of the crime"). If carjacking is divisible because it criminalizes the taking of a vehicle by either "force and violence *or* by intimidation," 18 U.S.C. § 2119 (emphasis added), the Court may employ the modified categorical approach. *See Descamps*, 133 S. Ct. at 2285. Under that approach, instead of focusing solely on the text of the carjacking statute (as the formal approach would require) the Court may consult certain documents, including the superseding indictment, to determine which of the two alternatives of the carjacking statute is at issue in this case: the taking of a car "by intimidation" or the taking of a car "by force and violence." *See Descamps*, 133 S. Ct. at 2284–85. Here, Goode was indicted for helping take a vehicle "by force, violence, *and* intimidation." (Dkt. 23, Superseding Indictment at 3 (emphasis added).) In other words, by using "and" not "or," the Government has elected to try to convince a jury that Goode helped take a car using "force [and] violence" (and intimidation). And this would mean that the "by force and violence" alternative of the carjacking statute is at issue in this case, i.e., that the jury will not convict Goode of the charged carjacking if she merely helped take the car "by intimidation." Given that a felony is a crime of violence under the force clause if it "has as an element the *use, attempted use, or threatened use of physical force* against the person or property of another," 18 U.S.C.

5

§ 924(c)(3)(A) (emphasis added), the Court would be compelled to find that the by-force-and-violence version of the carjacking statute at issue is a crime of violence. Indeed, Goode makes no argument that taking a car by force and violence with the intent to do serious bodily harm does not require the actual, attempted, or threatened use of physical force.

The Court thus turns to the issue of whether the carjacking statute is divisible. Under Fourth and Ninth Circuit precedent, the "by force and violence or by intimidation" phrase would likely not render § 2119 divisible. The Ninth Circuit has explained, "Any statutory phrase that—explicitly or implicitly—refers to multiple, alternative means of commission must still be regarded as indivisible if the jurors need not agree on which method of committing the offense the defendant used. . . . To be clear, it is black-letter law that a statute is divisible only if it contains multiple alternative *elements*, as opposed to multiple alternative *means*." *Rendon v. Holder*, 764 F.3d 1077, 1085–86 (9th Cir. 2014); *accord United States v. Fuertes*, — F.3d —, No. 13-4755, 2015 WL 4910113, at *8 (4th Cir. Aug. 18, 2015) (following *Rendon*). And it seems that a jury would not need to agree on *how* someone takes a car to convict under § 2119: some jurors might think that the vehicle was taken "by intimidation," others "by force and violence," still others both, and, collectively, the jury could unanimously find that the car was taken "by force and violence or by intimidation." This indicates that—under Ninth and Fourth Circuit precedent—the "by force and violence or by intimidation" phrase of § 2119 does not make that statute divisible. *See Rendon*, 764 F.3d at 1086 ("Only when state law requires that in order to convict the defendant the jury must unanimously agree that he committed a particular substantive offense contained within the disjunctively worded statute are we able to conclude that the statute contains alternative *elements* and not alternative *means*.").

But this Court is bound by Sixth Circuit precedent which suggests that the language "by force and violence or by intimidation" renders the carjacking statute divisible.

First, the Sixth Circuit (and Eighth) have rejected the means/elements distinction. *United States v. Ozier*, 796 F.3d 597, 602 (6th Cir. 2015); *United States v. Mathis*, 786 F.3d 1068, 1074 (8th Cir. 2015). Moreover, in doing so, it relied on the very same footnote of the Supreme Court's decision in *Descamps* that the Ninth Circuit used to support its means/elements distinction. *Compare Ozier*, 796 F.3d at 602, *with Rendon*, 764 F.3d at 1085; *see Descamps*, 133 S.Ct. at 2285 n.2 ("[I]f the dissent's real point is that distinguishing between 'alternative elements' and 'alternative means' is difficult, we can see no real-world reason to worry. Whatever a statute lists (whether elements or means), the documents we [have] approved . . . would reflect the crime's elements.").

Second, our Court of Appeals has opined that language very similar to the phrase "by force and violence or by intimidation" renders a criminal statute divisible.

In *United States v. Mitchell*, 743 F.3d 1054 (6th Cir. 2014), the Sixth Circuit had to determine whether two Tennessee robbery statutes were "violent felonies" under the Armed Career Criminal Act (that Act defines "violent felony" quite similarly to a "crime of violence" under § 924(c)(3)). *Id.* at 1058. One Tennessee statute defined robbery as "the felonious and forcible taking from the person of another, goods or money of any value, *by violence or putting the person in fear*" and the other defined robbery as the "intentional or knowing theft of property from the person of another *by violence or putting the person in fear*." *Mitchell*, 743 F.3d at 1058 (emphases added, internal quotation marks omitted). Although in dicta, the Sixth Circuit gave several reasons for why the alternative language made the robbery statutes divisible. First, the Court noted that "[t]he disjunctive phrasing" suggested two alternative elements. *Id.* at 1066. The

7

Court of Appeals then referred to *Descamps*, a case where the Supreme Court found that a burglary statute was divisible because it criminalized "burglary by entering a building *or* by entering an automobile," and reasoned that the Tennessee statutes used "nearly identical" wording. 743 F.3d at 1066. Third, the Court drew support from a decision where "the [Supreme] Court treated the language 'touches or strikes' [in a battery statute] as comprising two alternative elements." 743 F.3d at 1066 (quoting *Johnson v. United States*, 559 U.S. 133 (2010)). "Similarly," said the Sixth Circuit, "the Tennessee robbery statutes[,] . . . which feature the language 'by violence . . . or putting in fear,' enunciate two alternative elements." *Id.*

If the Sixth Circuit thinks that the language "by violence . . . *or* putting in fear" renders a statute divisible, this Court is hard pressed to reach a different conclusion for the language "by force and violence *or* by intimidation." Yet that is the language of § 2119.

And even if the most that can be said is that the divisibility question is a close call, there is good reason to favor the modified categorical approach: none of the concerns that animated the formal categorical approach are present here.

The formal categorical approach originated in *Taylor v. United States*, 495 U.S. 575 (1990), a case where the Supreme Court considered whether a conviction for second-degree burglary under Missouri law fell within the Armed Career Criminal Act's definition of a violent felony. The Court offered three reasons for approaching the question categorically. First, the Supreme Court thought that the text and legislative history of the Armed Career Criminal Act supported a categorical approach: the statute used the language "previous convictions" (not, for example, "prior conduct") and, in passing the Act, "no one [in Congress] suggested that a particular crime might sometimes count towards enhancement and sometimes not, depending on the facts of the case." *Taylor*, 495 U.S. at 600–01; *see also Descamps*, 133 S. Ct. at 2287.

8

Second, the Supreme Court in *Taylor* sought to avoid Sixth Amendment right-to-jury concerns that might arise if, instead of focusing on the statutory definition of the crime of conviction, a sentencing court attempted to determine the facts supporting the conviction. *See Taylor*, 495 U.S. at 601; *Descamps*, 133 S. Ct. at 2287–88. Third, the Court in *Taylor* thought that the categorical approach avoided "the practical difficulties and potential unfairness of a factual approach." *Taylor*, 495 U.S. at 601–02. In particular, absent a categorical approach, a sentencing court "would have to expend resources examining" often aged and ambiguous "documents for evidence that a defendant admitted in a plea colloquy, or a prosecutor showed at trial, facts that, although unnecessary to the crime of conviction, satisfy an element of the relevant generic offense." *Descamps*, 133 S. Ct. at 2289.

None of these reasons for using a categorical approach apply with much force in this case. First, the textual hook used by the Supreme Court in *Taylor* is missing from § 924(c): it does not refer to "previous convictions." Second, Sixth Amendment concerns could be quelled by putting the factual questions about the violent nature of the crime to the jury and, if necessary, obtaining the answers by special verdict. Third, the Court here is not dealing with prior convictions where the underlying factual basis is aged or unclear. The Court is instead dealing with a live case where fresh evidence will be presented to a jury. All of this is to say there is good reason to question whether the formal categorical approach applies to determining whether an offense is a crime of violence under § 924(c). *See United States v. Standberry*, No. 3:15CR102-HEH, 2015 WL 5920008, at *1–2 (E.D. Va. Oct. 9, 2015) (noting that the "value and utility [of the categorical approach] are questionable . . . where the violent nature of the alleged robberies is readily apparent from the face of the Superseding Indictment" and that "[i]n the vast majority of cases, [the categorical approach] is used by sentencing courts conducting a

9

cold record review of a prior conviction to determine whether its elements square with the definition of [violent felony] articulated in . . . the Armed Career Criminal Act"); *United States v. Lusenhop*, No. 1:14-CR-122, 2015 WL 5016514, at *3 (S.D. Ohio Aug. 25, 2015) (examining the evidence presented the jury to conclude that the particular carjacking at issue involved the use or threatened use of physical force under § 924(c)(3)(A)).[1]

In short, the Court believes it is proper to examine the superseding indictment to determine the carjacking offense that should be evaluated against the 924(c) crime-of-violence definition. As noted, that document makes plain that a "by force and violence" carjacking is at issue. And, as also noted, that type of carjacking has as an element the actual, attempted, or threatened use of force as that phrase is used in the force clause of § 924(c)(3)'s crime-of-violence definition. *See also United States v. Mills*, No. 3:15-CR-00055-MOC, 2015 WL 6672537, at *3 (W.D.N.C. Oct. 30, 2015) ("The 'force and violence' element is clearly divisible from 'intimidation' element as evidenced by Congress's use of the disjunctive 'or.' Thus, it is conceivable that Section 2119 is a divisible statute as to which the modified categorical approach is applicable. In reviewing the Indictment . . . the carjacking charged in this case includes 'force and violence,' making it clear that such offense would be well within the definition of 'crime of violence' found in § 924(c)(3)(A).").

---

[1] Of course, the Court does not mean to imply that a purely fact-based approach is the correct mode of analysis: "We employ [the] categorical approach because of [§ 924(c)(3)'s] terms: It asks whether [the defendant] committed 'an offense' that 'has as an *element* the use, attempted use, or threatened use of physical force against the person or property of another,' or that '*by its nature*, involves a substantial risk that physical force against the person or property of another may be used.'" *United States v. McGuire*, 706 F.3d 1333, 1336–37 (11th Cir. 2013) (O'Connor, Ret. J.) (quoting 18 U.S.C. § 924(c)(3)).

10

## III.

For the reasons given, a carjacking "by force and violence," *see* 18 U.S.C. § 2119, is a crime of violence under 18 U.S.C. § 924(c)(3)(A).[2] Goode's motion to dismiss is thus DENIED.

SO ORDERED.

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE

Dated:  December 3, 2015

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 3, 2015.

                                                  s/Jane Johnson
                                                  Case Manager to
                                                  Honorable Laurie J. Michelson

---

[2] An argument might be made that taking a victim's car "by intimidation" "with the intent to cause serious bodily harm," § 2119, requires the "threatened use of physical force against the person or property of another," § 924(c)(3)(A). *See United States v. Cruz-Rivera*, No. 3:15-CR-00486 JAF, 2015 WL 6394416 (D.P.R. Oct. 21, 2015); *cf. United States v. Castleman*, — U.S. —, 134 S. Ct. 1405, 1415, 188 L. Ed. 2d 426 (2014) ("It is impossible to cause bodily injury without applying force in the common-law sense."). The Court offers no opinion on the validity of this alternative argument.