UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>D-1 BIJAN WOODLEY,<br>D-2 KANEE GOODE,<br>D-3 JATEESHA TAYLOR,<br><br>     Defendants. | Case No. 15-cr-20007<br>Honorable Laurie J. Michelson<br>Magistrate Judge David R. Grand |

**OPINION AND ORDER DENYING
WOODLEY'S MOTION TO DISMISS COUNTS I AND II [127]**

The Government maintains that a carjacking took place on August 27, 2014 and that Bijan Woodley is responsible. Woodley moves to dismiss the two counts of the superseding indictment based on this event because he believes the Government has failed to preserve material exculpatory evidence. (*See generally* Dkt. 127, Woodley's Mot. to Dismiss Counts I & II.) Upon reviewing the parties' briefs and listening to oral argument, the Court will deny Woodley's motion.

In January 2015, law enforcement personnel interrogated Woodley about a different carjacking that occurred in December. (Woodley's Mot. at 6.) According to an FBI agent, the following occurred during the interrogation: "Woodley . . . admitted that [one of the cell phones he possessed] likely contained the number for the scrap yard where he sold another car in the summer of 2014. [Woodley] believed that the car's previous owner may claim that he obtained the car via carjacking." (Woodley's Mot. A, Pennisi Aff. ¶ 28.) Woodley adds that, "[u]pon

information and belief," he further stated during the interrogation that he bought the car that he later sold at the scrap yard. (Woodley's Mot. at 6.)

Woodley asserts that the Government has "fail[ed] to preserve" an audio recording of these "exculpatory" statements in violation of his due-process right to present a complete defense, thereby necessitating dismissal of Counts 1 and 2. (*See* Woodley's Mot. ¶¶ 9, 10.) Woodley says his statements "were not preserved" because he said them during the last hour of his interrogation, which is when the recording equipment was not functioning. (Woodley's Mot. ¶ 9.)

Woodley has not established a necessary premise of his argument: that the Government "fail[ed] to preserve" evidence. *See United States v. Branch*, 537 F.3d 582, 589 (6th Cir. 2008) ("The failure to preserve material exculpatory evidence violates the defendant's right to due process regardless of whether the government acted in bad faith.").

In reviewing the recordings of Woodley's interrogation, it has become apparent to the Court that Woodley's statements about buying a car in August 2014, selling it for scrap, and his belief the seller may claim he obtained the car via carjacking, were never captured on an audio recording. Two cameras recorded the interrogation. While both camera 1 and camera 2 were recording video of the interrogation, only camera 2 was recording audio. And after a break in the interrogation, camera 2 did not continue to record in any fashion—either it was not restarted or it malfunctioned. Thus, only camera 1 captured the last 51 minutes of Woodley's interrogation—the camera that had never been recording audio.

At oral argument, the Government confirmed the Court's understanding of what occurred with the audio and video of the interrogation. And Woodley offered nothing to rebut it.

Thus, this is not a situation where the Government possessed an audio recording of a defendant's allegedly exculpatory statements and then failed to preserve that recording or intentionally destroyed it. Rather, this is a situation where no such recording ever came into existence. Woodley has cited no authority that the Government breaches the Constitution's guarantee of due process by failing to record an interrogation. And the decisions the Court has found appear to be to the contrary. *See United States v. Boston*, 249 F. App'x 807, 810 (11th Cir. 2007) ("Although a rule requiring the government to record statements made during custodial interrogations might be sound policy, we agree with other circuits that have concluded that the Constitution does not require us to adopt such a rule." (citing cases)).[1]

Accordingly, the Court finds that Woodley has not carried his burden in showing that the Government failed to preserve exculpatory (or potentially useful) evidence. *See United States v. Aldaco*, 201 F.3d 979, 982 (7th Cir. 2000) ("When, as in this case, the failure of the prosecution to preserve evidence is at issue, due process requires that the *defendant* demonstrate [the following elements . . . .]" (emphasis added)); *cf. United States v. Warshak*, 631 F.3d 266, 300 (6th Cir. 2010) (providing that to show a *Brady* violation, "the *defendant* has the burden of establishing that the prosecutor suppressed evidence" (emphasis added)). Woodley's motion to

---

[1] The Department of Justice's memorandum "establish[ing] a presumption that [certain federal agencies] will electronically record statements made by individuals in their custody" does not help Woodley either. (Dkt. 114-3.) For that memo also provides, "[t]his policy . . . does not, and may not be relied upon to create any rights or benefits, substantive or procedural, enforceable at law or in equity in any matter, civil or criminal, by any party against the United States, its departments, agencies, or entities, its officers, employees, or any other person[.]" (*Id.*)

3

dismiss Count I and Count II of the superseding indictment (Dkt. 127) is thus DENIED.[2]

SO ORDERED.

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE

Dated: April 28, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 28, 2016.

                                                    s/Jane Johnson
                                                  Case Manager to
                                                  Honorable Laurie J. Michelson

---

[2] Although the Court's opinion does not rest on it, it is worth noting that Woodley has not persuaded the Court that if a recording of his statements existed, he would be able to use it at trial. At oral argument, Woodley suggested that if he testified about what he said during his interrogation and the Government then attacked his credibility on cross examination, he could introduce the recording as a prior consistent statement. But the Government responded at oral argument that it would not attempt to show that Woodley did not tell agents that he bought the vehicle, sold it for scrap, and that the former owner might claim a carjacking. And if that is so, then the rehabilitative value of the recording would be marginal and the recording would also be cumulative of Woodley's testimony. *See* Fed. R. Civ. P. 801 advisory committee note (2014) ("[T]he trial court has ample discretion to exclude prior consistent statements that are cumulative accounts of an event").