UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                                   Case No. 15-20007

v.                                                                   Honorable Laurie J. Michelson

KANEE GOODE,

    Defendant.

_____/

## ORDER FOR LIMITED EVIDENTIARY HEARING

In the middle of trial, on October 4, 2016, Defendant Kanee Goode pled guilty to carjacking in violation of 18 U.S.C. § 2119. The parties' Rule 11 Plea Agreement provided that, "[p]ursuant to [Federal Rule of Criminal Procedure] 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the guideline range as determined by paragraph 2B," which was 162 months. (ECF No. 194, PageID.2040, 2041.) On March 31, 2017, the Court accepted the Rule 11 Plea Agreement and sentenced Goode below the guidelines range to 120 months in prison. (ECF No. 247.)

On May 7, 2018, Goode filed a *pro se* motion to vacate her sentence under 28 U.S.C. § 2255. (ECF No. 280.) She claims defense counsel was constitutionally ineffective in numerous respects, including that "counsel failed to file a notice of appeal after sentencing." (*Id.*)

In its response, the Government points out that "Goode does not allege or aver . . . that she requested or directed her attorney to file an appeal." (ECF No. 287, PageID.4301.)

In her reply, Goode unfortunately focuses more on the law than the facts. She indicates that *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), "provides the proper framework for evaluating a

claim that counsel was constitutionally ineffective for failing to file a notice of appeal after sentencing *when one was requested*." (ECF. No. 288, PageID.4315 (emphasis added).) And she argues that "unless and until the Supreme Court decides otherwise, the law in this circuit is that attorneys are presumptively ineffective when they do not file an appeal *after their clients have requested them to do so*, regardless of whether those defendants have waived their appellate rights." (*Id*. (emphasis added).) Thus, while not making it express, Goode insinuates that she requested her counsel file an appeal. Nothing has been provided from defense counsel with any contrary or clarifying information.

Because the Court cannot conclusively determine from the current record that Goode requested her trial counsel to file a notice of appeal after sentencing, the Court finds that an evidentiary hearing is necessary. *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (explaining that under § 2255, a "hearing is mandatory 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief'" (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973))). Indeed, "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quotation omitted)); *see also Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012) ("Because the resolution of this factual issue is pivotal to [petitioner's] claim for relief, the district court must conduct an evidentiary hearing to determine if [petitioner] in fact expressed the desire for an appeal as he now asserts."). And the waiver of appeal in the Rule 11 Plea Agreement does not eliminate the need for a hearing because "[e]ven when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has,

as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal." *Campbell*, 686 F.3d at 360.

Additionally, because Goode is entitled to an evidentiary hearing, the Court will appoint counsel to represent her at the hearing. *See* Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Courts.

Accordingly, IT IS HEREBY ORDERED that the Court will conduct an evidentiary hearing on November 29, 2018, at 9:30 a.m. on the limited question of whether Goode's trial counsel ignored an instruction from Goode to file a notice of appeal from this Court's judgment.[1]

IT IS FURTHER ORDERED that the Federal Defender is APPOINTED for the limited purpose of representing Goode during the evidentiary hearing.

**IT IS SO ORDERED**.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: October 24, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, October 24, 2018, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager

---

[1] At this time, the Court does not see a need for a hearing on any of the other issues raised in Goode's Motion.