UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 15-20007 |
| v. | Honorable Laurie J. Michelson |
| KANEE GOODE, | |
| Defendant. | |

**ORDER GRANTING GOVERNMENT'S MOTION TO WAIVE ATTORNEY/CLIENT PRIVILEGE [293]**

On May 7, 2018, Kanee Goode filed a *pro se* motion to vacate her sentence under 28 U.S.C. § 2255. (ECF No. 280.) She claims defense counsel was constitutionally ineffective in numerous respects, including that "counsel failed to file a notice of appeal after sentencing." (Id.) The Court ordered the government to file a response (ECF No. 283), the government did so (ECF No. 287), and the Court ordered an evidentiary hearing limited to the issue of whether Goode's trial counsel ignored Goode's instruction to file a notice of appeal (ECF No. 289). Now, the government has filed a motion asking to waive attorney-client privilege so that the government can interview Goode's counsel about the ineffective assistance of counsel claim she raises. (ECF No. 293.)

"To be sure, litigants cannot hide behind the [attorney-client] privilege if they are relying upon privileged communications to make their case." *In re Lott*, 424 F.3d 446, 454 (6th Cir. 2005). Thus, the attorney-client privilege "may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance." *Id.* at 452–53. But "[i]mplied waivers are consistently construed narrowly," and "[c]ourts must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *Id.* at 453 (internal

quotation marks and citations omitted). Thus, "the waiver in habeas cases should be limited to the extent necessary to litigate a petitioner's ineffective assistance of counsel claims." *Id*. at 454 (quoting *Mason v. Mitchell*, 293 F.Supp. 2d 819, 823–24 (N.D. Ohio 2003).

Here, the government asks to waive Goode's attorney-client privilege, "so that the government can conduct an interview of trial counsel and obtain any necessary information . . . limited to the issues presented in claim One of the § 2255 petition." (ECF No. 293, PageID.4328.) The Court finds that the government's request is necessary to litigate Goode's ineffective assistance of counsel claim and that this narrow waiver is no broader than necessary.

Accordingly, IT IS HEREBY ORDERED that the government's motion to have the court waive the attorney/client privilege is GRANTED to the extent that the government will be permitted to question Goode's counsel limited to the issues of effective assistance of counsel raised in Goode's § 2255 petition.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: December 4, 2018

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, December 4, 2018, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager