UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

    Plaintiff,

v.

KANEE GOODE,

    Defendant.

Case No. 15-20007

Honorable Laurie J. Michelson

**ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE [309]**

After satisfying the exhaustion requirement, 44-year old Kanee Goode has renewed her request for compassionate release from Waseca Federal Correctional Institution due to the ongoing COVID-19 pandemic. A review of Goode's medical records reveals that her underlying health conditions are being managed at Waseca, she suffered only minor symptoms when diagnosed with COVID-19 last September, and she is now fully vaccinated. Thus, finding no extraordinary and compelling reason to warrant a reduction in Goode's sentence, her motion will be DENIED.

**I.**

In the middle of trial, Kanee Goode pled guilty to carjacking. (ECF No. 194.). She was sentenced to a below guidelines range of 120 months' imprisonment. (ECF No. 247.) Goode is presently serving her sentence at FCI Waseca. (ECF No. 309, PageID.4427.) Her

projected release date is August 12, 2023. *Find an Inmate*, Bureau of Prisons, https://perma.cc/RP6C-9AVM.

The prison previously had a substantial outbreak of coronavirus cases and Goode tested positive in mid-September 2020. (ECF No. 309, PageID.4425, 4427; ECF No. 322, PageID.4540.) Goode claims this has resulted in chronic conjunctivitis (ECF No. 309, PageID.4425) (but that is not reflected in her medical records.). A childhood trauma has left Goode with severe eye and vision issues, including strabismus (crossed eyes), glaucoma, and, says Goode, blindness in her right eye. (*Id.* at PageID.4424–4425.) Goode now worries about potential blindness in her left eye from the chronic conjunctivitis. (*Id*. at PageID.4425) She also says she has hypertension, obesity, and pre-diabetes. (*Id.*) As a result of these underlying health conditions and the ongoing coronavirus pandemic, Goode has moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (ECF No. 309.)

The government opposes the request. (ECF No. 320.) The government contends that Goode has failed to demonstrate extraordinary and compelling reasons for compassionate release and that such release would be inappropriate under the relevant § 3553(a) sentencing factors. (*Id*.) The Court has been given sufficient information to decide the motion without the need for further argument. *See* E.D. Mich. LR 7.1(f).

II.

As a result of her underlying criminal case and the deadly coronavirus pandemic, Goode has done much soul searching since she began her incarceration. She has taken positive rehabilitative steps and made plans for a new and better life when she is released.

2

And that is certainly commendable. She now asks for "un-merited favor, better known as grace, not because [she is] deserving, but because it is [the Court's] to give." (ECF No. 309, PageID.4428.) Unfortunately, it is not quite that simple.

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to this rule is compassionate release. The compassionate release statute allows the Court to reduce a defendant's sentence if it finds, after a defendant has exhausted her administrative remedies or upon the lapse of 30 days from the receipt by the warden of a request for compassionate release, that "extraordinary and compelling reasons" warrant a reduction; that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and that the § 3553(a) factors, to the extent they apply, support a reduction. 18 U.S.C. § 3582(c)(1)(A). "In cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

### A.

The statutory exhaustion requirement is mandatory. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Goode recently submitted a supplement to her motion that attaches an October 30, 2020 response from the warden denying Goode's request for compassionate release. (ECF No. 312, PageID.4442.) The warden found no extraordinary or compelling circumstances justifying an early release because, after Goode tested positive, she was "isolated and provided appropriate treatment for her symptoms, and as of

3

September 24, 2020, was "considered recovered." (*Id*.) The government acknowledges this satisfies the exhaustion requirement. (ECF No. 320, PageID.4483.)

**B.**

Goode must also demonstrate "extraordinary and compelling reasons" to justify her early release. The Sixth Circuit has made clear "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). "And, in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id*. at 519–20.

**1.**

In determining this definition during the unprecedent coronavirus pandemic, this Court has consistently considered whether defendants had "severe medical conditions" which placed them at high risk of severe illness in the event of a coronavirus infection, were housed at a facility with confirmed cases, and had served "a large majority of their sentences." *United States v. Nazzal*, No. 10-20392, 2020 WL 3077948, at *3 (E.D. Mich. June 10, 2020). Post-*Jones* and *Elias*, these remain appropriate considerations. But now more than a year into the pandemic, some things have changed. More inmates, like Goode, have recovered from a COVID-19 infection and the BOP is in the process of vaccinating inmates. The Court will consider these factors as well.

With its response, the government provided Goode's 2020 medical records. There is no doubt that Goode suffers from eye and vision issues. The Court observed this first-

4

hand and the medical records support her diagnoses of glaucoma and strabismus. (*See*, *e.g.*, ECF No. 322, PageID.4606.) Indeed, Goode is receiving medications for and being monitored by optometry for her glaucoma and other vision issues. (*Id*. at PageID.4548, 4583.) While coronavirus can spread through the eyes—like the nose or mouth—the guidance from the Centers for Disease Control and Prevention does not include the eye ailments that Goode suffers from as increasing her likelihood of severe illness should she get COVID-19. *See People with Certain Medical Conditions*, CDC, https://perma.cc/DPT8-JCSK. Nor does it include her prediabetes. (*Id*.) The CDC has, however, identified obesity and pulmonary hypertension as risk factors for more severe illness from COVID-19. (*Id*.) At the time of sentencing, Goode did not report hypertension. And while her blood pressure has consistently been monitored at Waseca, she has not been diagnosed with pulmonary hypertension. (ECF No. 322, PageID.4596.)

Also at the time of sentencing, Goode weighed 170 pounds. (Presentence Report, ¶ 59.) A few months ago, however, on December 4, 2020, she weighed 191 pounds. (ECF No. 322, PageID.4597.) At 5' 5", this puts her BMI above 30 and thus, in the CDC's risk category for more severe illness from COVID-19. *People with Certain Medical Conditions*, CDC, https://perma.cc/DPT8-JCSK. But Goode did not suffer severe illness when she had COVID-19 in September 2020. The prison monitored her symptoms for a week, and they were very mild. (ECF No. 322, PageID.4514–4544.) This can impact the compassionate release analysis. *See, e.g.*, *United States v. Hatcher*, 01-80361, 2021 U.S. Dist. LEXIS 51641, at *4 (E.D. Mich. Mar. 19, 2021 ("In this case, [defendant] has already contracted COVID-19 and has avoided hospitalization or severe complications, undermining a finding

5

of extraordinary and compelling reasons for his release."); *United States v. Stephens*, 06-CR-20365, 2020 U.S. Dist. LEXIS 177814, at *17 (E.D. Mich. Sept. 28, 2020) ("[M]any courts have held that where a defendant has contracted COVID-19 and recovered, his health condition is not extraordinary and compelling.").

More important, however, is the fact that Goode is now fully vaccinated. (ECF No. 321); *see also United States v. Goston*, 15-20694, 2021 U.S. Dist. LEXIS 43686, at *3 (E.D. Mich. Mar. 9, 2021) (denying motion for compassionate release because defendant's "access to the COVID-19 vaccine mitigates any extraordinary and compelling reasons that might otherwise justify release.") And the conditions at FCI Waseca have dramatically improved since Goode was previously infected. The BOP is presently reporting no inmate and two positive staff cases. *COVID-19*, BOP, https://www.bop.gov/coronavirus/. The facility has also fully vaccinated 98 staff and 99 inmates. *Id*.

Thus, even though Goode might have a few acknowledged risk factors, considering the present lack of active COVID-19 cases at her facility, the fact that Goode recovered from the virus without serious complications, and the fact that she is now fully vaccinated, Goode has not sufficiently established that she presently faces an extraordinary and compelling medical risk that warrants her early release. *See United States v. Sims*, No. 90-80492, 2021 U.S. Dist. LEXIS 43683, at *12 (E.D. Mich. Mar. 9. 2021).

## 2.

That leaves her rehabilitative efforts. As mentioned, Goode has participated in numerous educational and vocational programs during her incarceration. (ECF No. 309, PageID.4429.) She has received certificates for successfully completing a number of life-

skills programs. (*Id*. at PageID.4431–4435.) She advises that she has a place to live with her aunt and prospective employment should she be released. She has expressed her remorse and desire to be a "productive and beneficial member of society." (*Id*. at PageID.4426.) She is making good strides toward this end. And it is not surprising that Ms. Goode has been able to put herself on a better path. But the Court cannot say that these commendable rehabilitative efforts are uncommon or rise to the level of being extraordinary and compelling such that Goode should be released now. Given her positive progress, however, the Court will recommend that the BOP release her to home confinement or a residential reentry center at the earliest appropriate time.

### C.

Because there are no extraordinary and compelling reasons for release, the Court need not consider Goode's § 3553 sentencing factors. *See Elias*, 984 F.3d at 518.

### III.

For these reasons, Goode's motion for compassionate release (ECF No. 309) is DENIED. But the Court recommends that the BOP release Goode to home confinement or a residential reentry center at the earliest appropriate time.

SO ORDERED.

Dated: April 8, 2021

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE