UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES, | |
| Plaintiff, | Case No. 15-20007 |
| v. | Honorable Laurie J. Michelson |
| KANEE GOODE, | |
| Defendant. | |

**ORDER ON DEFENDANT'S MOTION TO REVIEW SENTENCE
AND APPOINT COUNSEL [332]**

Kanee Goode was charged by superseding indictment with one count of carjacking in violation of 18 U.S.C. § 2119 and one count of using a firearm during and in relation to a crime of violence (i.e., the carjacking) in violation of 18 U.S.C. § 924(c). (ECF No. 23.) In the middle of trial, Goode pled guilty to the carjacking count. (ECF No. 194.) Under the plea agreement, the § 924(c) charge was dismissed. (*Id.* at PageID.2042.) Goode was sentenced below the guidelines range to 120 months' imprisonment. (ECF No. 247.)

As part of her Rule 11 plea agreement, Goode waived her right to a direct appeal. (ECF No. 194, PageID.2043.) In time, however, Goode filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence, raising claims of ineffective assistance of counsel. (ECF No. 295.) The Court denied the motion (ECF No. 280) and the Sixth Circuit denied a certificate of appealability (ECF No. 305).

Goode has now filed a new pro se motion to review sentence and appoint counsel. (ECF No. 332.) The motion is premised on the recent rulings in *Borden v. United States*, 141 S. Ct. 1817 (2021) and *United States v. Toki*, 23 F.4th 1277 (10th Cir. 2022). In *Borden*, the Supreme Court held that an offense that can be committed recklessly does not categorically meet the definition of a "violent felony" under the Armed Career Criminal Act's elements clause. *Borden*, 141 S. Ct. at 1825. "[A]fter *Borden*," said the Tenth Circuit, "an offense that can be committed recklessly is not categorically a 'crime of violence' under § 924(c)'s elements clause." *Toki*, 23 F.4th at 1281. The *Toki* court explained that the ACCA's elements clause is nearly identical to the elements clause of § 924(c) as both require that a predicate offense "has as an element the use, attempted use, or threatened use of physical force against . . . another." *Id.* (citations omitted).

Goode "now requests this Court to review the conviction in this case due to the new case decisions." (ECF No. 332, PageID.4761.) She "also requests this court to appoint the Federal Public Defender for the purpose of review of this case." (*Id.*) The Court is unable to grant these requests.

Start with the request to review her conviction. Goode has already filed a motion for post-conviction relief that this Court has denied. And a defendant seeking to file a second or successive motion under 28 U.S.C. § 2255 must first ask the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). When a defendant files a second or successive motion in the district court without authorization from the court of

appeals, the district court must transfer the motion to the court of appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

As to Goode's request for counsel to review the case, there is no present merit. Goode was convicted only on the carjacking count and not the § 924(c) count. So the *Brandon* and *Toki* rulings do not apply. In other words, the rulings in those cases do not affect her carjacking conviction.

As such, it is ORDERED that the Clerk of the Court shall TRANSFER Defendant Kanee Goode's motion to review sentence (ECF No. 332) to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 2255(h). The request for the appointment of counsel is DENIED.

SO ORDERED.

Dated: March 15, 2022

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE